[No. 11356.   Department One. — April 30, 1888.]

## CHARLES F. BURHAM, APPELLANT, *v.* SAN FRANCISCO FUSE MANUFACTURING COMPANY, RESPONDENT.

INJUNCTION — CORPORATION — SALE FOR DELINQUENT ASSESSMENT — INSUFFICIENT PUBLICATION OF NOTICE OF SALE. — An injunction will not issue to restrain the sale of stock to satisfy a valid assessment thereon which had become delinquent, merely because the notice of the sale was published for an insufficient length of time, unless the stockholder has paid, or offered to pay, the amount of the assessment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing an injunction.

The action was brought by the plaintiff, a stockholder in the corporation defendant, to restrain the sale of his stock for a delinquent assessment, on the ground that the notice of sale had been published for an insufficient length of time.   The assessment in question was levied on the 6th of April, 1885, and not being paid by the plaintiff, the corporation, on the 2d of June, passed an order for the sale of the stock on the 15th of June.   The notice of the intended sale was first published on the 2d of June, thirteen days before the sale.   Section 339 of the Civil Code requires such notices to be published for at least fifteen days before the sale, but provides, in section 346, that " no assessment is invalidated by a failure to make publication of the notice hereinbefore

provided for, nor by the non-performance of any act required in order to enforce the payment of the same; but in case of any substantial error or omission in the course of proceedings for collection, all previous proceedings except the levying of the assessment are void, and publication must be begun anew." The complaint contained no allegation that the plaintiff had paid or offered to pay the assessment. The court refused the injunction, and rendered judgment for the defendant. The further facts are stated in the opinion of the court.

*J. C. Bates*, for Appellant.

The plaintiff was entitled to have the delinquent sale enjoined. (Taylor on Private Corporations, secs. 297, 547; *Portland R. R. Co.* v. *Graham*, 11 Met. 1; *Stoneham B. R. R. Co.* v. *Gould*, 2 Gray, 277; *Lewey's I. R. R. Co.* v. *Bolton*, 48 Me. 451; 77 Am. Dec. 236; *Mitchell* v. *V. Mfg. Co.*, 40 N. Y. Sup. Ct. 406; Joyce on Injunctions, 998; Angell on Corporations, sec. 293; High on Injunctions, sec. 1203; *Turney* v. *Dougherty*, 53 Cal. 619; *Early* v. *Doe*, 16 How. 616; *Hassan* v. *Rochester*, 67 N. Y. 528.)

*James A. Waymire*, and *W. T. Baggett*, for Respondent.

The plaintiff is not entitled to an injunction, as he had a complete remedy at law. (Civ. Code, secs. 346, 347.) Injunction will not lie at the instance of a stockholder to restrain a sale of his stock for a delinquent assessment. (*Sullivan* v. *T. C. S. M. Co.*, 29 Cal. 585; 39 Cal. 459; *Smith* v. *M. B. T. Co.*, 18 Cal. 112; Angell and Ames on Corporations, secs. 393, 554, 555; Pomeroy's Eq. Jur., sec. 457; *Hawes* v. *Oakland*, 104 U. S. 450; *Dodge* v. *Woolsey*, 18 How. 331.)

McKINSTRY, J. — The order of the 2d of June directing a sale of the delinquent stock of plaintiff was irregular, and any sale upon thirteen days' notice would have given to the purchaser no title which he could assert

against the plaintiff, should the latter tender him the amount of the assessment, and bring his action to recover the stock within six months. (Civ. Code, sec. 347.) But the assessment was valid (Civ. Code, sec. 346), and it was the duty of the plaintiff to pay it. A court of equity properly refused to entertain his application for an injunction to prohibit the sale in the absence of an allegation that he had done, or offered to do, equity. True, if he paid there would be no sale, and he would not need the extraordinary writ; but the jurisdiction of equity does not depend upon the convenience of a party. The statutory remedy is plain, and it was intended by the legislature that this shall be the only remedy in case a valid assessment is not paid.

It may be said the rule thus laid down will encourage sales without the notice which the statute declares to be necessary, and proceedings of the character which are declared to be void by section 346. But the context shows the sense in which the word " void " is employed. It is intended thereby to declare that the irregular proceedings shall be inoperative to confer an indefeasible title to the stock as against the owner, who shall make tender of the assessment, and bring suit for its recovery within the time prescribed in section 347. As the complaint did not state a cause of action, the suit was properly dismissed.

Judgment and order affirmed.

SEARLS, C. J., and PATERSON, J., concurred.